UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:21-cv-22948-PCH

EMIGDIO ANTONIO DE GRACIA,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
d/b/a ROYAL CARIBBEAN GROUP

        Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT

Defendant ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP ("RCL"), by and through undersigned counsel, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure hereby files its Motion to Compel Arbitration and Dismiss the Complaint and in support thereof state as follows:

### I.    Summary of Argument

Plaintiff Emigdio Antonio de Gracia filed a personal injury action against RCL to recover damages from injuries he allegedly sustained while working as an Inventory Manager at CocoCay Island. At the time of the alleged incident, Plaintiff was employed by Admiral Management, Inc. ("AMI") under an Employment Agreement that requires that all disputes be resolved by binding arbitration. Plaintiff has already initiated arbitration against AMI alleging the same conduct he alleges here. Now, he brings this action in the alternative, alleging RCL and AMI are in a joint venture to build and operate CocoCay Island.

International arbitration agreements such as the Employment Agreement are subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention"). Although RCL is the only Defendant in the Complaint, Plaintiff's Complaint alleges substantially interdependent and concerted misconduct between RCL and AMI and joint breaches of duty towards Plaintiff. He further alleges that RCL employees signed the Employment Agreement on behalf of AMI. Although only Plaintiff and AMI signed the Employment Agreement, RCL may compel Plaintiff to arbitrate his claims under general contract principles. *Energy Power Conversion Fr. SAS v. Outokumpu Stainless USA, LLC*, No. 18-1048, 140 S.Ct. 1637, 2020 U.S. LEXIS 3029 at *20-21 (2020)(held non-signatories may enforce arbitration agreements under domestic-law equitable estoppel doctrine. Thus, the absence of a written arbitration agreement is not an impediment to enforcing arbitration. Accordingly, the Court should enter an Order (1) directing Plaintiff to proceed to arbitration, as he agreed to do when he signed his employment contract, and (2) dismissing the Complaint.[1]

## II. Undisputed Statement of Facts

1. Plaintiff, Emigdio Antonio de Gracia, is a resident, domiciliary, and citizen of Panama. *See* Complaint attached as Exhibit "A" at ¶ 2.

2. On or about March 8, 2019, Plaintiff entered into an Employment Agreement with non-party AMI with permanent shoreside duties at CocoCay as an Inventory Manager. *See* Employment Agreement attached as Exhibit "B" at pg. 1.

3. In the Complaint, Plaintiff alleges that at all times material, RCL "co-owned and co-operated CocoCay, a private island in the Bahamas," with AMI, not named as a defendant in this litigation. *Id.* at ¶ 7.

---

[1] Because this Motion is brought under 9 U.S.C. §206, it does not raise the substantive problems with the Complaint, such as its failure to state a claim.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

4. Plaintiff alleges that at all times material to the events which gave rise to Plaintiff's claims against RCL, RCL and AMI "were engaged in a joint venture to build, construct, improve and operate CocoCay; making each other jointly and severally liable for the negligent acts of the others." *Id.* at ¶ 8.

5. Plaintiff further alleges that RCL and AMI shared joint control or right of control of the joint venture; shared a joint proprietary interest in the development and operation of CocoCay; and shared profits and losses. *Id.* at ¶ 9. He further alleges that RCL employees signed the Employment Agreement on behalf of AMI. *Id.*

6. Accordingly, Plaintiff's relationship with AMI is governed by the Employment Agreement which requires that all disputes be resolved by mandatory arbitration in the Bahamas.

> This employment agreement shall be governed by, construed and interpreted in accordance with the Laws of the Bahamas. In the event of a dispute, the Laws of the Bahamas shall apply, and the **Company and the Employee agree that all disputes of any nature arising out of or in anyway connected related to Employee's employment or to any other dispute with the Company, including for death, personal injury, illness, medical care, wages and benefits, whether brought under common law, contract or statutory grounds shall be resolved by mandatory arbitration in the Bahamas** with one arbitrator mutually agreed by the parties. The arbitration shall be administered by the American Arbitration Association under its International Center for Dispute Resolution procedures. Each side shall share equally the cost of any arbitration and each side shell bear it's on attorney's fees and costs associated with the arbitration. (emphasis added).

*See* Exhibit "B" at ¶ 15.

7. Even though the only signatories to the Employment Agreement are Plaintiff and AMI, RCL may compel Plaintiff to arbitrate his claims under general contract principles of agency, (*United States v. Schaltenbrand*, 930 F. 2d 1554, 1560 (11th Cir. 1991); equitable estoppel (*Armas v. Prudential Sec., Inc.*, 842 So. 2d 210, 212 (Fla. 3d DCA 2003); and third party beneficiary (*Zac Smith & Co. v. Moonspinner Condo. Ass'n*, 472 So. 2d 1324-25, (Fla. 1st DCA 1985).

8.     On May 27, 2021, Plaintiff filed suit against RCL for Jones Act Negligence; General Negligence; Failure to Provide Entire Maintenance and Cure; Failure to Provide Prompt, Proper and Adequate Medical Care; and Unseaworthiness. *See* Exhibit "A."

9.     In addition to alleging that RCL and AMI shared joint control of the joint venture; shared a joint proprietary interest in the development and operation of CocoCay; and shared profits and losses (*Id.* at ¶ 9), throughout the Complaint Plaintiff alleges that RCL and "its joint venturers" caused, contributed and/or played a substantial part in breaching their duties to Plaintiff and causing his injury. *See e.g., Id.* at ¶¶ 37, 42, and 52.

10.    Plaintiff's claims arise out of his employment and pursuant to the terms and conditions of the Employment Agreement wherein the parties are mandated to submit all disputes to arbitration. Moreover, Plaintiff's allegations of substantially interdependent and concerted misconduct between RCL and AMI and joint breaches of duty towards Plaintiff require arbitration of Plaintiff's claims against RCL under the equitable estoppel doctrine.

11.    Indeed, Plaintiff commenced arbitration against AMI on or about September 15, 2020. In the Third Amended Statement of Claim in arbitration, Plaintiff makes same allegations against AMI that he makes here against RCL regarding substantially interdependent and concerted misconduct between RCL and AMI and joint breaches of duty towards Plaintiff. *See* Third Amended Statement of Claim attached hereto as Exhibit "C." To the extent Plaintiff had any claims against RCL the same should have been brought in arbitration as well.

### III.    Memorandum of Law

A.    **Plaintiff's Claims Are Subject to Arbitration.**

All of Plaintiff's claims are subject to arbitration despite attempting to circumvent this outcome by asserting claims against a non-signatory to his Employment Agreement.

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

International arbitration agreements such as the Contract of Employment are subject to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. As further discussed below, the Supreme Court has ruled that a non-signatory such as RCL may compel Plaintiff to arbitrate his claims under the equitable estoppel doctrine. *See GE Energy Power Conversion Fr. SAS v. Outokumpu Stainless USA, LLC*, No. 18-1048, 140 S.Ct. 1637, 2020 U.S. LEXIS 3029 at *20-21.

Defendant has been aggrieved by Plaintiff's lawsuit against them and failure to submit his claims to arbitration as required by the Employment Agreement. Plaintiff's claims arise out of his employment with AMI and are subject to the Employment Agreement which includes an arbitration clause and mandates the Plaintiff to submit to arbitration all disputes against is employer. Accordingly, at the time this action was instituted, this dispute was and is subject to mandatory arbitration. Therefore, this Court should order Plaintiff to submit his disputes to arbitration pursuant to the terms of his Employment Agreement.

### B.     Federal Law Favors Arbitration

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

*Id.* at 629. In *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1275 (11th Cir. 2011), the Eleventh Circuit held that there is ample precedent "in favor of freely-negotiated contractual choice of law and forum selection provisions, and this presumption applies with special force in the field of

5

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

international commerce." In *Adolfo v. Carnival Corp.*, Case No. 02-23672, 2003 U.S. Dist. LEXIS 24143 (S.D. Fla. Mar. 17, 2003), the Southern District held "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration … and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (relying upon *Mitsubishi Motors Corp*. 473 U.S. at 626). Further, in *D'Cruz v. NCL (Bahamas) Ltd.,* Case No. 1:15-CV-20240-KING (S.D. Fla. Mar. 30, 2015), Judge King granted defendant's motion to compel arbitration in a case involving an American seaman who entered into an employment contract which required arbitration of "any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment . . . no matter how described, pleaded or styled." *Id.* at *1-2. In furtherance of enforcing an arbitration provision, a case may be removed at any time before trial when there is an agreement to arbitrate which falls under The Convention. *Hall v. Celebration Cruise Operator, Inc.*, Case No. 14-62245-CIV-DIMITROULEAS (S.D. Fla. Dec. 24, 2014); *see also* 9 U.S.C. § 205.

      **C.**    **The Convention Act**

The United States has implemented The Convention through the enactment of 9 U.S.C. §§ 201-208 to enforce international arbitration agreements such as the Contract of Employment signed by Plaintiff. The Convention provides that a court possessing jurisdiction under The Convention may direct arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. 9 U.S.C. § 206.

In light of the strong policy favoring arbitration, courts should conduct "a very limited inquiry" in deciding whether to compel arbitration pursuant to The Convention. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

(5th Cir. 2002); *Ledee v. Ceramiche Ragno*, 684 F.2d 184 (1st Cir. 1982). *See also Lujan v. Carnival Corp.*, No. 11-23826-CIV-SCOLA, 2012 WL 1104253 (S.D. Fla. Apr. 2, 2012). Quite simply, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on the issues as to which an arbitration agreement has been signed." *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985).

The Court must order arbitration if the following four conditions are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *See Bautista*, 396 F.3d at 1294-95. *See also Henriquez v. NCL (Bahamas), Ltd.*, No. 09-16344, 2011 WL 3890357 (11th Cir. 2011); *Francisco*, 293 F.3d at 273; *Vera v. Cruise Ships Catering & Services International, N.V.*, Case No. 13-62022-CIV-SCOLA, 2014 WL 12478007 (S.D. Fla. May 6, 2014); *Doe v. Royal Caribbean Cruises*, 365 F. Supp. 2d 1259 (S.D. Fla. Mar. 18, 2005); aff'd, *Doe v. Royal Caribbean Cruises*, 180 Fed. Appx. 893 (11th Cir. May 18, 2006). Here, all four conditions are met; thus, arbitration must be compelled.

1. **There is an Agreement in Writing to Arbitrate**

On March 8, 2019, Plaintiff executed an Employment Agreement wherein he agreed to arbitrate all claims related to his employment. *See* Exhibit "B" at ¶ 15. Specifically, Paragraph 15 of the Employment Agreement provides that:

> This employment agreement shall be governed by, construed and interpreted in accordance with the Laws of the Bahamas. In the event of a dispute, the Laws of the Bahamas shall apply, and the **Company and the Employee agree that all disputes of any nature arising out of or in anyway connected related to**

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

> **Employee's employment or to any other dispute with the Company, including for death, personal injury, illness, medical care, wages and benefits, whether brought under common law, contract or statutory grounds shall be resolved by mandatory arbitration in the Bahamas** with one arbitrator mutually agreed by the parties. The arbitration shall be administered by the American Arbitration Association under its International Center for Dispute Resolution procedures. Each side shall share equally the cost of any arbitration and each side shell bear it's on attorney's fees and costs associated with the arbitration.  (emphasis added).

*See Id*.

The broad and unambiguous language of the Employment Agreed shows the parties agreed and intended to resolve any and all disputes of any nature by binding arbitration. Therefore, the first condition is satisfied as the subject arbitration provision in the Employment Agreement binds the parties to resolve Plaintiff's claims through arbitration and not the courts.

### 2. The Agreement Provides for Arbitration in the Territory of a Convention Signatory

The Employment Agreement provides that the arbitration shall take place in Nassau, Bahamas. *See* Exhibit "B" at ¶ 15.  The Bahamas is a signatory to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards through its ratification of The Convention. Therefore, the second condition is satisfied.

### 3. The Agreement Arises Out of a Commercial Legal Relationship

The third condition is satisfied because the agreement to arbitrate arises from a commercial legal relationship.  Federal courts have consistently found that seamen employment contracts similar to Plaintiff's constitute a commercial legal relationship for the purposes of compelling arbitration. *See Francisco*, 293 F.3d at 273.  Specifically, the Southern District of Florida has found that crew member employment contracts containing an arbitration provision satisfied the commercial legal relationship requirement for purposes of compelling arbitration. *See Hall v. Celebration Cruise Operator, Inc.,* Case No. 14-62245-CIV-DIMITROULEAS (S.D.

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Fla. Dec. 29, 2014) citing *Amon v. Norwegian Cruise Lines, Ltd.*, Case No. 02-21025-CIV-HUCK, 2002 WL 32851545, at *4 (S.D. Fla. Sep. 25, 2002) (order granting motion to compel arbitration). *See also Bautista v. Star Cruises and Norwegian Cruise Line, Ltd.*, 286 F. Supp. 2d 1352, at *34-35 (S.D. Fla. 2003), *aff''d*, *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005) (affirming order granting motion to compel arbitration). Each of these courts resolved this issue by concluding that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship. Further, the language of the Employment Agreement clearly expresses its commercial nature. *See* Exhibit "B". Accordingly, the third condition is satisfied.

### 4. At Least One of the Parties to the Employment Agreement is Not a Citizen of the United States

Finally, the fourth condition is satisfied because at least one of the parties to the agreement is not an American citizen. Specifically, Plaintiff is a citizen of Panama. *See* Exhibit "A" at ¶ 2. It is undisputed that Plaintiff is not a citizen of the United States. Thus, the fourth condition is met.

### D. Having Satisfied the Four Conditions, the Motion to Compel Should be Granted

Once the moving party has met the burden in showing that there is an agreement to arbitrate, Plaintiff has the burden of proving the clause itself is null and void, inoperative or incapable of being performed. *See* Art. II (3) of the Convention; *see also Lindo,* 652 F.3d at 1276; and *Bautista*, 396 F.3d at 1301-02. Here, the burden to show that there is an agreement to arbitrate has been satisfied. In considering the affirmative defenses, this Court must consider the evidence submitted by the Plaintiff not in light of "domestic" concerns over possible "hard bargaining" by an employer, but rather with deference to the unique circumstances of foreign

9

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

arbitration and the drafters' concerns that agreements not be judged with parochial views of desirability. *Id.*

### E.    The Eleventh Circuit Court Has Consistently Enforced Arbitration Agreements

Although Plaintiff's duties were shore-based, he alleges he was a Jones Act Seaman. Even if true, these allegations do not serve as an impediment to arbitration. The Eleventh Circuit Court of Appeals has consistently enforced arbitration provisions in seamen's employment agreements in accordance with The Convention. Specifically, in *Escobar v. Celebration Cruise Operator, Inc.*, 482 Fed.Appx. 475 (11th Cir. 2012), the court held equitable estoppel required a seaman to arbitrate his claim against cruise line even though the cruise line was not a signatory to the employment contract. Some of the notable Eleventh Circuit decisions enforcing similar arbitration provisions in crewmember employment contracts are summarized below.

In *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011), the Eleventh Circuit affirmed an Order of the Southern District of Florida requiring the seaman to arbitrate his Jones Act claim under Bahamian law (the law of the flag state of the vessel). In enforcing the arbitration provision contained in the seaman's employment contract, the Eleventh Circuit followed its decision in *Bautista, supra*. The Eleventh Circuit in *Lindo* held that the *Bautista* court "followed the clear weight of the Supreme Court's and [Eleventh] Circuit's precedent." The *Lindo* court further held U.S. statutory claims are arbitrable absent a clear contrary intent expressed by Congress. *See Lindo*, 652 F.3d at 1271.

The *Lindo* opinion included a detailed analysis of the defenses available under The Convention and explained that the defenses available under the Convention depend on the stage

10

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

of enforcement.[2] Specifically, Article II of The Convention provided the defenses available at the arbitration clause enforcement stage. *See* 9 U.S.C § 206. Under Article II, a seaman may avoid arbitration if: the clause being enforced is null and void or the clause is incapable of being performed. *See Lindo*, 652 F.3d at 1272. Moreover, the null and void defense is limited to the standard breach of contract defenses such as fraud, mistake, duress, and waiver which can be applied neutrally on an international scale. *Id.*

Conversely, Article V of the Convention provides seven (7) defenses available at the arbitration award enforcement stage allowing a court the right to reject the enforcement of an arbitration award. *See* 9 U.S.C. § 207. The Article V defenses include the "public policy" defense which allows the court the right to refuse to enforce an award if the enforcement would be contrary to the public policy of the country in which enforcement is sought. *Id.*

The *Lindo* decision was followed by multiple decisions in which the Eleventh Circuit enforced similar contractual provisions calling for arbitration in a foreign jurisdiction applying foreign law. *See Escobar v. Celebration Cruise Operator, Inc.,* 805 F. 3d 1279 (11th Cir. 2015) *cert. den.* 136 S. Ct. 1158 (2016)*; Wong v. Carnival Corp.,* 599 Fed. Appx. 355 (11th Cir. 2015); *Escobal v. Celebration Cruise Operator, Inc., et. al.,* 482 Fed. Appx. 475 (11th Cir. 2012) *cert. den*. 133 U.S. 1995 (2013); *Paucar v. MSC Crociere S.A., et. al.*, 2014 WL 57740 (11th Cir. 2014); *Quiroz v. MSC Mediterranean Shipping Co., S.A., et. al*., 522 Fed. Appx. 655, 662 (11th

---

[2] The Eleventh Circuit has uniformly held that Article II applies at the arbitration-enforcement stage and Article V applies at the award-enforcement stage. *See Bautista,* 396 F. 3d at 1301–02 (analyzing Article II "null and void" defense at arbitration-enforcement stage); *Lobo v. Celebrity Cruises, Inc.,* 488 F. 3d 891, 894–96 (11th Cir. 2007); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.,* 533 F. 3d 1349, 1350–53 (11th Cir. 2008); *Czarina, L.L.C. v. W.F. Poe Syndicate,* 358 F. 3d 1286, 1291, 1292 n. 3 (11th Cir. 2004); and *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, et. al.,* 141 F. 3d 1434, 1441–46 (11th Cir. 1998).

Cir. 2013); and *Fernandes v. Carnival Corp.*, 484 Fed. Appx. 361 (11th Cir. 2012) *cert. den*. 133 S.Ct. 1793 (2013); and *Henriquez v. NCL (Bahamas) Ltd.*, 440 Fed. Appx. 714 (11th Cir. 2011).

The Southern District has enforced arbitration in many cases where the seaman's claims were similar to those of the Plaintiff in the case at bar in that the complaint sought damages for Jones Act negligence, unseaworthiness, and failure to provide maintenance and cure. *See Isanto v Royal Caribbean Cruises, Ltd.*, No. 20-cv-23715, 2020 U.S. Dist. LEXIS 197318 *7; 2020 WL 6262981 (S.D. Fla. Oct. 23, 2020)(holding that "district courts have consistently enforced seamen's arbitration agreements"). *See also Alberts v. Royal Caribbean Cruises, Ltd*., 834 F. 3d 1202 (11th Cir. 2016)(affirming the Order of the lower court enforcing the arbitration provision in the employment contract of an American seaman); *Azavedo v. Royal Caribbean Cruises, Ltd*., 4 F. Supp. 1357 (S.D. Fla. Feb. 28, 2014)(holding Royal Caribbean Cruises, Ltd.'s arbitration clause was enforceable). *See also Orozco v. Princess Cruise Lines, Ltd*., 2010 WL 3942854 (S.D. Fla. Oct. 7, 2010). *See also Moro v. NCL (Bahamas) Ltd.*, Case No. 12-244130-cv-Williams (S.D. Fla. Apr. 24, 2013)(The Convention's language creates a presumption in favor of arbitration.); and *Ballesteros v. NCL (Bahamas), Ltd.*, 2013 WL 588328 (S.D. Fla. Feb. 13, 2013)(There is a federal interest to enforce arbitration agreements even if the contract requires the application of foreign law.)

    **F.    Plaintiff Cannot Escape Arbitration By Filing Suit Against A Non-Signatory**

Enforcement of arbitration agreements pursuant to The Convention requires a written agreement to arbitrate which may be in the form of an arbitral clause in a contract "signed by the parties." *See* Art. II of The Convention. Although only Plaintiff and AMI signed the Employment Agreement, RCL may compel Plaintiff to arbitrate his claims under general

12

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

contract principles. The absence of a written arbitration agreement is not an impediment to enforcing arbitration.

The doctrine of equitable estoppel allows non-signatories to compel arbitration. *GE Energy Power Conversion Fr. SAS v. Outokumpu Stainless USA, LLC*, No. 18-1048, 140 S.Ct. at 1645 (non-signatories may enforce arbitration agreements under domestic-law equitable estoppel doctrine). The text of the Convention is silent on the right of a non-signatory's right to enforce an arbitration agreement under the doctrine of equitable estoppel. *Id.* at 1645. However, the *GE Energy* court held "the New York Convention does not conflict with the enforcement of arbitration agreements by non-signatories under domestic-law equitable estoppel doctrines." *Id.* at 1648.

Indeed, enforcement of arbitration agreements is common in both domestic and convention cases. *See GE Energy.* at 1646. ("The courts of numerous contracting states permit enforcement of arbitration agreements by entities who did not sign an agreement." ). *See also Armas v. Prudential Securities, Inc.*, 842 So.2d 210, 212 (Fla. 3d DCA 2003)(held claims of concerted misconduct arising out of the same factual allegations warrant enforcement of arbitration under equitable estoppel). *Sawgrass Ford, Inc. v. Vargas*, 214 So.3d 691, 693 (Fla. 4th DCA 2017); *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) *abrogated on other grounds, Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009).

In *Escobal v. Celebration Cruise Operator, Inc.*, the Southern District enforced arbitration in a case involving a non-signatory holding that the doctrine of equitable estoppel allows non-signatories to the contract to compel arbitration. *Escobal v. Celebration Cruise Operator, Inc.*, Case No. 11-21791-CV-UNGARO at * 5 (S.D. Fla. Jun. 23, 2011), aff'm *Escobal v. Celebration Cruise Operator, Inc.*, 482 Fed. Appx. 475, 476 (11th Cir. 2012). There,

the court held that equitable estoppel required a seaman to arbitrate his claims of Jones Act negligence and unseaworthiness even though one of the defendants was not a signatory to the employment contract. *Escobal*, 482 Fed.Appx. at 476. The seaman in *Escobal* argued he could not be compelled to arbitrate his claim against the cruise line because it was not a signatory to the arbitration agreement. The *Escobal* court held that the seaman's unseaworthiness claim against cruise line was inextricably intertwined with his Jones Act claims against cruise ship operator and equitable estoppel required that he arbitrate his claim against a non-signatory to the employment contract that included a mandatory arbitration provision. *Id.*

Similarly, in *Aggarao v. MOL Ship Management Co., Ltd.*, 675 F.3d 355 (4th Cir. 2012), a seaman entered into an employment agreement requiring resolution of his claims by arbitration. After suffering injuries, Aggarao sued his employer, shipowner, and other entities alleging negligence pursuant to the Jones Act and general maritime law. The defendants, including non-signatories[3], enforced arbitration. The Fourth Circuit affirmed the enforcement of arbitration and held:

> Without a doubt, however, "a nonsignatory to an arbitration clause may, in certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate." *Am. Bankers Ins. Group, Inc. v. Long,* 453 F. 3d 623, 627 (4th Cir. 2006) . . . Most relevant here, the doctrine of equitable estoppel applies " 'when the signatory to the contract containing the arbitration clause raises allegations of ... substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract.' " *Brantley v. Republic Mortg. Ins. Co.,* 424 F. 3d 392, 396 (4th Cir. 2005) (quoting *MS Dealer Serv. Corp. v. Franklin,* 177 F. 3d 942, 947 (11th Cir. 1999) (alterations omitted)).

*See Aggarao, supra*, 675 F. 3d at 373.

---

[3] In *Aggarao*, the employment agreement was not signed by the vessel's owner, operator or charterer.

The seaman in *Aggarao* argued that estoppel did not apply because each entity had a separate role and each owed him distinct duties. *Id.* at 373-74. The *Aggarao* court rejected the seaman's arguments because Aggarao asserted the same causes of action against each defendant and made identical allegations as the basis for liability. *Id. See also Sourcing Unlimited, Inc. v. Asimco Intern., Inc.*, 526 F. 3d 38, 47 (1st Cir. 2008) (held the signatory to the contract was equitably estopped from avoiding arbitration with the non-signatory)*; Khan v. Parsons Global Sevices, Ltd.*, 480 F. Supp. 2d 327 (D.D.C. Mar. 30, 2007), *rev. on other grounds*, 521 F. 3d 421 (D.C. Cir. 2008) (held all non-signatory defendants were able to enforce the arbitration agreement against employee and his wife (non-signatory)).

The above demonstrates Plaintiff cannot escape arbitration simply by filing suit against a non-signatory. When a plaintiff claims concerted misconduct by the signatory and non-signatory arising out of the same factual allegations enforcement of arbitration is warranted under the doctrine of equitable estoppel. *Armas*, 842 So.2d at 212. Plaintiff in the case at bar asserts the same causes of action against RCL as those asserted against AMI in arbitration. *See* Third Amended Statement of Claim attached hereto as Exhibit "C." Plaintiff claims RCL and AMI co-owned and co-operated CocoCay as a joint venture exercising joint control and sharing in the profits and losses. (Ex. "A" at ¶¶ 7-9). As a result, Plaintiff claims RCL and AMI are jointly and severally liable for Plaintiff's accident. *Id.* Plaintiff's claims against RCL are intertwined with those already being arbitrated against AMI and inherently inseparable. *See J.J. Ryan & Sons, Inc.*, 863 F. 2d at 320-21. Moreover, Plaintiff's allegations that that RCL and "its joint venturers" caused, contributed and/or played a substantial part in breaching their duties to Plaintiff and causing his injury (*Id.* at ¶¶ 37, 42, and 52) are allegations of concerted misconduct between RCL and AMI and joint breaches of duty towards Plaintiff that require arbitration of Plaintiff's

15

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

claims against RCL under the equitable estoppel doctrine. In light of the above, Plaintiff is estopped from circumventing arbitration by filing suit against a non-signatory to the Employment Agreement. Therefore, Plaintiff should be required to arbitrate his claims as he agreed to do when he signed his Employment Agreement.

### G. Dismissal Is Appropriate

RCL submits that upon the entry of an order directing the parties to arbitration this cause should be dismissed. *See Lindo v. NCL (Bahamas) Ltd.*, No. 09-22926-CIV, 2009 U.S. Dist. LEXIS 129452 at *10, 22 Fla. L. Weekly Fed. D 423, 2009 WL 7264038 aff'd *Lindo*, 652 F. 3d at 1287 (The district court's dismissal was upheld after the arbitration was enforced.); *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D.Ga. 2004), aff'd, 428 F.3d 1359 (11th Cir. 2005)(holding complaint should be dismissed because there is no need for the Court to retain jurisdiction). There is ample authority requiring the dismissal of the plaintiffs' complaint when all of the issues raised in the district court are subject to mandatory arbitration. *Id.*

## IV. Conclusion

For the reasons set forth herein, Defendant ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP respectfully moves this Court to enter an Order compelling Plaintiff to proceed to arbitration as established by the terms of his Employment Agreement and dismissing the Complaint.

Dated: September 2, 2021                    Respectfully submitted,

/s/ **Gilda M. Chavez**
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein
Florida Bar No. 58741

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 1:21-cv-22948-PCH

egutwein@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:     (305) 379-3686
Facsimile:      (305) 379-3690
***Attorneys for Defendant Royal Caribbean Cruises Ltd.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 2, 2021, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  **Gilda M. Chavez**
Gilda M. Chavez

CASE NO.: 1:21-cv-22948-PCH

## SERVICE LIST

Luis Alexander Perez, Esq.
Florida Bar No. 125452
aperez@lipcon.com
LIPCON, MARGULIES, &
WINKLEMAN, P.A.
One Biscayne Tower
Suite 1776
2 South Biscayne Blvd.
Miami Lakes, FL 33131
Telephone:  305-373-3016
*Attorneys for Claimant*

Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein, Esq.
Florida Bar No. 58741
egutwein@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER &
BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone:     305-379-3686
Facsimile:      305-379-3690
*Attorneys for Defendant, Royal Caribbean Cruises Ltd.*